WARREN *against* SKINNER.

*Windham,*
July, 1850.

Warren
*v.*
Skinner.

20 559
61 568

An agreement to accept a part of a debt, as a satisfaction of the whole, is a *nude pact ;* and the payment of a part only, in pursuance of such agreement, is no satisfaction.

The cases where such agreement and payment constitute an accord and satisfaction, are where the agreement is not a nude pact, but rests on a new and adequate consideration.

Instances specified.

THIS was an action on a promissory note, made by the defendant, in the city of *New-York, August* 11th, 1840, promising to pay to *S. C. & S. Lynes*, or order, the sum of 197 dollars, 32 cents, on demand, with interest : which note, *S. C. & S. Lynes* indorsed to *Henry E. H. Gilbert*, and he indorsed it to the plaintiff. The defendant pleaded *non assumpsit*, with notice of a special defence.

The cause was tried at *Brooklyn, January* term, 1850.

On the trial, the plaintiff produced the note, with the indorsements thereon, described in the declaration ; the genuineness of which were not disputed.

The defendant thereupon offered parol evidence to prove, that said note, on the first of *March*, 1844, became the property of the legal representatives of *John Gilbert*, deceased, and so remained until the 10th of *May*, 1845 ; that in *March*, 1844, it was by them placed in the hands of the Rev. *N. S. Hunt*, for the purpose of effecting a settlement with the defendant, Mr. *Hunt* then being their agent for that purpose ; that afterwards, in the course of the year 1844, Mr. *Hunt* put it into the hands of the plaintiff, as agent of said representatives, for the purpose of negotiating a settlement with the defendant : that while it was so in the hands of the plaintiff, solely as agent as aforesaid, and he having no interest therein, it was mutually accorded and agreed, by and between the plaintiff, as such agent, and the defendant, that the defendant should pay to the plaintiff, and that the plaintiff should accept and receive of the defendant, in full satisfaction of all the sums then due on said note, the one-half of the principal thereof ; that the sum of fifty dollars of said half, should be paid by the defendant to the plaintiff, as agent, in a few days thereafter, and the balance of said half, as soon as the defendant should be able to pay it ; he having, before that

time, suspended payment, and being then poor, without any present means to meet such balance.

The defendant also introduced evidence to prove, that after the making of said agreement, *viz.* on the 1st of *May,* 1845, he paid to the plaintiff, as such agent, the sum of fifty dollars; and as soon thereafter as he could procure the means for so doing, he fully paid and satisfied to the plaintiff, in money and cloth, the full balance of said one-half of the principal of said note, in full satisfaction and discharge of said note, and in complete fulfillment of the agreement so entered into between the parties; all which payments the plaintiff, as agent of the owners of the note, received in fulfillment of said agreement, and in full satisfaction and discharge of the note.

The plaintiff objected to the parol evidence offered by the defendant; but the court overruled the objection, and admitted the evidence.

The defendant then claimed, that if all the facts, which he had so attempted to prove, by such evidence, were proved, they constituted a bar to any recovery upon the note; and prayed the court so to decide. The court did not so decide, but held, that they were not a bar to a recovery, and rendered judgment that the plaintiff recover of the defendant the balance remaining unpaid upon the note.

The defendant, thereupon, claiming the decision to be erroneous, moved for a new trial.

*Welch* and *Carpenter*, in support of the motion, contended, That the facts proved on the trial constituted a complete defence to the plaintiff's action. To establish this position, they cited and relied on the following authorities. 2 *Sw. Syst.* 6. 1 *Sw. Dig.* (by *Dutton,*) 463. 2 *Greenl. Ev.* 24, 25. 1 *Smith's Lead. Ca.* 323, 4, 5. *Heathcote* v. *Crookshanks,* 2 *Term R.* 24. *Chitt. Cont.* 30, 1, 2, 3. and notes. 747. and note 1. *Spruneberger* v. *Dentler,* 4 *Watts,* 126. *Stafford* v. *Bacon,* 2 *Hill,* 353. S. C. 25 *Wend.* 384. *Boyd* v. *Hitchcock,* 20 *Johns. R.* 76. *Le Page* v. *McCrea,* 1 *Wend.* 164. *Kellogg* v. *Richards,* 14 *Wend.* 116.

*J. A. Hovey* and *Burnham*, contra, insisted, That in cases of contract for the payment of a sum of money, the payment of a less sum will not be a good satisfaction; unless it was

either paid and accepted before the time when it was to have been paid, or at a different place from that appointed for the payment; nor will an agreement for the payment of a less sum, be a good satisfaction, unless a better security is given. 2 *Greenl. Ev.* 28. § 28. 493. § 519. (3d ed.) *Chitt. Cont.* 747. 763. 1 *Saund. Pl. & Ev.* 26. 2 *Stark. Ev.* 16. *Blanchard* v. *Noyes*, 3 *N. Hamp. R.* 518. *Fitch* v. *Sutton*, 5 *East*, 230. *Down* v. *Hatcher* & ux. 10 *Adol. & El.* 921. (37 *E. C. L.* 69 ) *Cumber* v. *Wane*, 1 *Stra.* 426. *Boyd* v. *Hitchcock*, 20 *Johns. R.* 76. *Acker* v. *Phoenix*, 4 *Paige*, 305. Here, there was nothing to take the case out of the general rule, or to bring it within any of the exceptions.

ELLSWORTH, J. It is no longer a question, whether payment of part of a debt is a satisfaction of the whole, either considered as payment, or as an accord and satisfaction. The payment of 100 dollars, is not, of *itself*, the payment of 200 dollars; nor is it an accord and satisfaction; for an accord is an *agreement ;* but there is no agreement, without a *consideration ;* and receiving *part* only, is no consideration for an agreement not to collect the *rest ;* it is a *nude pact.*

These principles are settled in the cases cited at the bar; we would particularly refer to *Cumber* v. *Wane*, 1 *Stra.* 426. *Heathcote* v. *Crookshanks*, 1 *Term R.* 24. *Good* v. *Cheesman,* 2 *B. & Adol.* 328. (22 *E. C. L.* 85.) *Fitch* v. *Sutton*, 5 *East*, 230. *Acker* v. *Phoenix*, 4 *Paige*, 305. *Boyd* v. *Hitchcock*, 20 *Johns. R.* 76. 78. *Chitt. Cont.* 747. 1 *Smith's Lead. Ca.* 249. 2 *Greenl. Ev.* 28. 493. (3d ed.)

The same cases show, that while the principle is as already stated, there are important exceptions, or rather, they show in what cases an agreement to pay, or the payment of part, is an accord and satisfaction. In the excepted cases, the agreement is not a *nude pact*, but rests on a new and adequate consideration; as where the debtor pays a part of the debt *before* it is due, or at a *different place*, or in a *collateral* article, *agreed* to be received in full payment, or in some manner not required by the original contract: so when there is an *assignment* of property, creating a fund for distribution among creditors, or a new note for part, with *security :* so where *creditors* agree with their debtor, that *they* will discharge him, upon his paying or securing a percentage of their debt,

*Windham,*
*July, 1850.*

Warren
*v.*
Skinner.

that he may start anew in business, and the debtor fulfills, or does his part towards fulfilling, such agreement; it has been held, in some instances, especially in *Good* v. *Cheesman*, before cited, that this is a good bar to a recovery; the agreement, though unexecuted, and therefore, in strictness, no satisfaction, still, as the debtor had done all he was obligated to do, and had given his creditors a new and valid contract or security for the percentage, it was held to be sufficient. And generally, an arrangement entered into by creditors, upon the insolvency of their debtor, to forbear to sue him, or wholly to relinquish the balance of their debts, if the debtor will pay, and does pay, the percentage agreed upon, the debtor has a right to set up this arrangement as a full discharge; otherwise, the creditor, who breaks the agreement with his debtor, would perpetrate a fraud upon others, scrupulously adhering to the arrangement: and certainly, if property has been assigned by the debtor, under such an arrangement, the defence is most perfect.

In *Evans* v. *Powis*, 1 *Welsby, H. & G.* 601. *Parke,* B. says, in substance, that the mutual agreement among creditors with their debtor, to take a part of their debts, is a valid agreement, as each agrees to give up a part of his debt, in order to bring about a common object, which is a sufficient consideration to support the agreement; and if this agreement is performed, or performance is tendered according to the terms of the agreement, it is a good accord and satisfaction. But if it is not performed, nor performance tendered, it is a mere accord or agreement, and no satisfaction, and is no bar to an action on the original indebtedness, which still remains. Where, however, the *agreement* is expressly received in satisfaction of the debt, as it may be, and is sometimes, then, the *agreement* alone may be pleaded as an accord and satisfaction. The language in part, is, " Both creditors having had a right to be paid in full, and each a chance of being paid more than the other, if he pressed the debtor, each mutually agrees to forego that right and chance, and be content with less. The engagement of one creditor to take a smaller sum, is the consideration for the engagement of the other to do the same."

There is another class of cases, constituting an exception to the general rule, as where damages being in dispute or un-

liquidated, are settled or liquidated, by agreement, or where the parties make a compromise ; here the adjustment or compromise is a consideration for the new promise, or accord and satisfaction.

*Windham,*
July, 1850.
_____
Warren
*v.*
Skinner.

The other claim of the defendant, that the delivery of cloth in payment of the balance, on one of the fifty dollar instalments, was a payment of the debt in a collateral article, and thus a good accord and satisfaction of the whole original debt, is without foundation. It was not received on the *original* debt, but as *cash* on the *last* fifty dollars.

We do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.