Goff v. Mulholland.

GOFF, Appellant, v. MULHOLLAND, Respondent.

1. Accord without satisfaction is not a good defence to an action of trespass; so where a lot of ground is wrongfully entered upon and levelled even with the grade of a street, the fact that such trespasser, after commencing the grading of the lot, agrees with the owner of the lot to curb it in return for the privilege of carrying away the earth from its surface, if such agreement remain unexecuted, will not be a bar to an action to recover damages for the trespass.

28 397
48a 191

28 397
89a 324

28 397
94a 360

*Appeal from St. Louis Land Court.*

This was an action to recover damages for an alleged wrongful entry by defendant upon a lot of ground belonging to the plaintiff and a wrongful removal of earth from the same. The defendant admitted the entry and the removal of the earth and levelling of the lot, and set up as a defence that the same was done by the permission and sanction of the plaintiff. The lot was levelled even with the grade of the street. In the course of the examination of several witnesses, the defendant put this question: " On how many sides would it have been necessary to build a wall to protect Mr. Goff's lot from caving down in the condition in which it was before it was graded ?" The witness in response stated the extent and probable cost of the wall. The court, at the instance of the plaintiff, gave the following instructions: " 1. If the jury believe from the evidence that the defendant entered upon the lot of ground of plaintiff, as stated in the petition, without the consent or knowledge of plaintiff, and dug the earth and carried the same away, the law is for the plaintiff and the jury should find accordingly. 2. The jury, in their estimate of damages, may take into consideration the object and purpose for which plaintiff intended to appropriate the lot of ground ; and if the defendant, knowing the property not to be his, wickedly to benefit himself without regard to the injury he thereby done plaintiff, entered on said lot, dug down the earth, and converted it to his own use, the jury may render exemplary damages for the injury done, and likewise the value of the earth taken therefrom."

26—VOL. XXVIII.

The court gave the following instructions at the instance of the defendant: " 1. If the jury believe that Mulholland, after the grading of the lot was commenced, agreed with Goff to curb the lot by way of compensation for taking the earth therefrom, then, whether he has so curbed it or not, they will find for defendant. 2. If the jury believe that the plaintiff knew of the proposed grading of the lot by defendant, or became aware of it while it was going on and made no objection to it while the work was progressing, this is a circumstance from which the jury may infer a contract or understanding between plaintiff and defendant in relation to the grading of the lot; and if they find that any such contract or understanding existed they will find for the defendant. 3. If the jury believe from the evidence that the plaintiff assented to the grading of his lot in the petition described by defendant, and that no more ground was taken than was sufficient for the judicious grading of the lot, then defendant is not liable for a trespass, and the plaintiff can not recover in this action."

The jury found for the defendant.

*Cates* and *Goff*, for appellant.

I. The court erred in admitting illegal and incompetent testimony; also in giving the instructions asked by defendant. (1 Bac. Abr. 22 ; 2 Watts, 424 ; 3 J. J. Marsh. 479 ; 8 Ohio, 393 ; 1 Stew. 476 ; 2 Keble, 690 ; 23 Wend. 342 ; 1 Smith, Lea. Cas. 383 ; 19 Mo. 204, 360.)

*Gantt*, for respondent.

I. The court did not restrict any witness improperly in testifying ; nor was illegal and incompetent testimony admitted in behalf of defendant. The question with respect to the wall was pertinent. The instructions given for the defendant contained no error. The plaintiff sought to recover as for a trespass *quare clausum fregit*. The agreement made after the commencement of the grading was a bar to an action in that form. (17 Mo. 585 ; 19 Mo. 152.) The plaintiff did not ask an amendment of his petition.

NAPTON, Judge, delivered the opinion of the court.

The testimony in relation to the necessity of building a wall around three sides of the plaintiff's lot, and the expense which such a wall would occasion, was, in our opinion, irrelevant and incompetent. The plaintiff had a right to retain his lot in such a shape and condition as suited his fancy, and it did not concern the defendant to make calculations as to the amount of expenditure which the indulgence of the plaintiff's taste might occasion. The question for the jury was, how much the value of the lot was diminished, by the defendant's trespass, for the purposes to which it was designed; and it was not, to what expense the plaintiff would be put in protecting it, or in building on it, or whether, upon the whole, the plaintiff might not find it to his advantage to put a business house upon it; for which purpose, all the testimony seemed to concur, the grading of the lot was really advantageous.

The first and second instructions given for the defendant were erroneous. A plea of accord without satisfaction is not a good plea in trespass. (2 Whea. Selwyn, 1354.) An agreement to curb the lot, if not executed, is no bar to the action, and such an agreement could not amount to a waiver or condonation of the trespass. A party can not be turned round from one cause of action to another unless the second is received as a waiver of the first or as a satisfaction of it. In James v. David, 5 T. R. 141, the plea to an action of trespass was that both parties had agreed to settle all matters in dispute between them by the payment of a certain sum on one side and by entering into a bond with a penalty that neither would commence an action against the other, but the judges held the plea to be bad. Mr. Justice Ashhurst said, "that in order to found an action on this agreement, the plaintiff must have stated not only the agreement, but also that he tendered an obligation in £100 ready executed to the defendant, and that the defendant refused to execute," &c. Here the question does not arise upon the form of a

plea, but it is manifest from the evidence that the agreement, which is set up as a bar, is one of which the plaintiff could not have availed himself, as it was only proved by his own declarations. If the plaintiff had received a sum of money in satisfaction of the trespass, that, of course, would be a bar; so, if he had received the defendant's note for that sum in satisfaction of his demand for damages; but a mere verbal promise to pay a certain sum of money or do a certain act, if not performed, is no satisfaction. Such promises could hardly amount to an *accord*, and certainly not to accord and satisfaction, and are no bar to the action, although, if amounting to an accord, they might be evidence upon the quantum of damages.

The other judges concurring, the judgment is reversed and the cause remanded.