ROBERT T. GIBONEY, Plaintiff in Error, v. THE GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Defendant in Error.

St. Louis Court of Appeals, February 16, 1892.

1. **Practice, Appellate:** RULINGS ON EVIDENCE. An assignment of error in the rulings of the trial court on evidence will be disregarded, if the party assigning the error fails to point out to this court the particular rulings of which he complains.

2. **Peremptory Instruction:** WHEN ERRONEOUS. A peremptory instruction, limiting the plaintiff's right of recovery to a specified amount, is not warranted, unless the plaintiff is under the pleadings and evidence debarred, as a matter of law, from recovering more than the amount specified.

3.   **Accord Without Satisfaction.** An accord without satisfaction is not a defense to an action, and is as binding when the party entitled to the satisfaction repudiates it and notifies the other party thereof,.before such other party has made or tendered satisfaction.

4.   ———: ADJUSTMENT OF CLAIM FOR FIRE INSURANCE. This rule is applicable to an adjustment of the amount of a claim for fire insurance between the insured and the insurer, which does not constitute a new contract founded upon a consideration, but merely fixes the amount of the loss on the insured property, and leaves the claim to be proven and paid under the policy.

5.   **Fire Insurance:** LOCATION OF PROPERTY. Where personal property, whose use does not make it transitory, is insured against loss. by fire in one place, and destroyed by fire in another place, the insurer is not liable for the loss, its location being in such case of the essence of the contract. But *held*, that in the case at bar there was evidence that the property was destroyed in the location in which it was covered by the policy.

6.   **Practice, Trial:** CONSISTENCY OF TENDER WITH A CLAIM THAT THE PLAINTIFF'S SUIT IS PREMATURE. A tender in court of a part of the demand in suit admits that the amount tendered was due at the date of the suit, and is, therefore, inconsistent with the claim that. the suit was prematurely brought.

*Error to Cape Girardeau Court of Common Pleas..*
HON. MAURICE CRAMER, Judge.

REVERSED AND REMANDED.

*W. H. Miller* and *R. G. Ranney,* for plaintiff in error.

The only point in this case is one of interpretation of policy. Did the phrase, "On hay in barn or stack," mean that the hay must be in insured barn? The court will endeavor to give to the contract a rational and just construction, and the presumption is in favor of the comprehensive over the restricted sense. 2 Parsons on Contracts [5 Ed.] pp. 500, 501; *Fur Co. v. Ins. Co.,* 17 Mo. App. 627. Nothing in the construction of the policy would require that the hay should be in the insured barn if the policy did not so state. Each

item of property named in the policy is separate and distinct, and they have no connection with each other. It is the duty of the courts to give effect to every clause of the contract. It is better where the terms of the contract are plain, and the meaning such as to be understood, that we should follow the plain language and manifest intent rather than seek out a doubtful interpretation. *Webb v. Ins. Co.*, 14 Mo. 8. The construction asked by the defendant would have required the plaintiff to have removed his hay from his own premises, and to store it in a barn belonging to another person. Such construction would be inconsistent with the intent of the parties. There is no doubt but that the building where the hay was stored was a barn. Webster defines a barn to be a covered building for the storage of grain, hay, etc.

*G. W. Barnett*, for defendant in error.

(1) The petition shows upon its face that the claim, if plaintiff had any, is not due, as it alleges that the claim is due sixty days after proofs of loss, and the petition does not allege that such sixty days had expired, but only sixty days since notice of loss was given. The facts show that sixty days had not expired before suit was brought, since proofs of loss were furnished; hence, action was premature. *McComas v. Ins. Co.*, 56 Mo. 573 ; 2 Wood on Insurance [2 Ed.] sec. 462, p. 1023. (2) Since a certain barn was insured, and hay in barn was insured, the proper construction of the contract is that it means hay in the insured barn and not elsewhere, as the presumption is that reference is made to the barn mentioned. But be that as it may, the hay here was not in any barn, but put in an open shed. The plaintiff himself in his proofs of loss calls the building an open shed, and all the evidence shows it to be such. Place is of the essence of the contract, and, where property is insured in one place, the company

cannot be held liable for property kept elsewhere. 1 Wood on Insurance [2 Ed.] sec. 47, pp. 113, 114, 115; *Foundry v. Ins. Co.*, 1 Cliff. (U. S.) 300; *Railroad v. Ins. Co.*, 10 R. I. 74; *Liebenstein v. Ins. Co.*, 45 Ill. 303; *Boynton v. Ins. Co.*, 16 Barb. (N. Y.) 254; *Ins. Co. v. Updegraff*, 40 Penn. St. 311; *English v. Ins. Co.*, 21 N. W. Rep. (Mich.) 210; *Ins. Co. v. Farris*, 73 Ill. 166; *Bryce v. Ins. Co.*, 55 N. Y. 240; *Railroad v. Ins. Co.*, 30 Md. 137.

ROMBAUER, P. J.—The errors assigned in this case relate to the rulings of the court upon the evidence and instructions, and are claimed to arise in the following manner: The defendant issued a policy of fire insurance to the plaintiff which described the property insured and the amount of insurance as follows: On frame barn number 1 and shed adjoining, $600. *On hay in barn or stock, $100.* On grain in barn and granary, and on grain in stack on cultivated premises, $600. *On farming implements on premises, not including threshing machine, and on wagons and harness on premises, $200.*

The plaintiff suffered a loss by fire which totally destroyed his farming implements and wagons, and hay, exceeding in value the sum of $100, which hay at the date of the loss was not in barn number 1, nor in stack, but was in an open shed or barn one hundred or one hundred and fifty yards from the barn insured. The defendant's adjuster called upon the plaintiff, and denied the company's liability for the hay destroyed. After some dispute between the parties, in which the plaintiff claimed that the company was liable and the adjuster denied the liability, the adjuster made out proofs of loss for the plaintiff, covering the farming implements only, and the plaintiff signed them and also signed two receipts, the first of which was indorsed on the policy retained by the plaintiff, and the other of which was delivered to the adjuster. These receipts are as follows:

"CAPE GIRARDEAU, Mo., January 8, 1891.

"Received of German Insurance Company, of Free-port, Illinois, through Calhoun & Harrison, state agents at Carthage, Missouri, the sum of $200, it being in full of all claims and demands under this policy for loss or damage caused by fire on the fifth day of December, 1890, which policy is canceled as to farming implements and wagons and harness only.       R. T. GIBONEY."

"$200.    CAPE GIRARDEAU, Mo., January 8, 1891.

"Received of German Insurance Company of Free-port, Illinois, through Calhoun & Harrison, state agents, $200, in full payment, satisfaction and compromise for all loss and damage by fire, which occurred on the fifth day of December, 1890, to property insured by said company under their policy, number 511,482, renewal number———, issued at the Perryville agency, which is hereby canceled as to farming implements, wagons and harness only.        R. T. GIBONEY."

No money was paid at the time, but the defendant subsequently tendered to the plaintiff $200, and kept up its tender by deposit in court.  The adjuster, at the time when plaintiff signed the receipts, made out proof of loss which the plaintiff signed but kept, stating the loss at $200 and his claim under the policy at $200 ; these were to be sworn to and forwarded to the defendant, and the defendant was to pay to the plaintiff at the expiration at sixty days ( being the time reserved in the policy) the $200 mentioned in the receipt.  After the adjuster left, the plaintiff took the proofs of loss to a notary, or justice, and changed them by altering the stated value of property destroyed from $200 to $720, and his claim for loss from $200 to $300, and forwarded the proofs thus altered to the defendant, stating at the same time that he repudiated the settlement.   The first tender of money by the defendant was made after the plaintiff had forwarded these proofs of loss, with a statement that he did not recognize the settlement as binding.

The plaintiff in this action seeks to recover $300, claiming that the hay in the uninsured barn or shed was covered by the policy, and that he was led to execute the receipt and settlement by the fraud of the defendant's agents. The defendant admits a liability to the extent of $200, but claims that to be the extent of its liability, *first*, because the hay in the shed was not covered by the policy, and, *next*, because the plaintiff is estopped by the settlement from asserting that it was.

The cause was tried without the intervention of a jury. The court found for the plaintiff in the sum of $200, after making the following declarations of law of which plaintiff now complains: "The court declares the law to be that no statements, made by the agent Harrison to plaintiff as to the legal effect or meaning of the receipt read in evidence, can constitute under the law fraudulent representations, so as to have the effect of vitiating said receipt, and the court declares that plaintiff had no right to act upon or rely upon any such statements, but before any statements of said agent, even though false, can be regarded as fraudulent, they must be false statements or representations as to facts made to plaintiff with the intention of misleading or deceiving plaintiff as to the contents of the paper or receipt he was signing."

"The court declares the law to be that, under the evidence in this case, the plaintiff cannot recover anything in excess of $200."

"The court declares the law to be that, in order to recover on the policy for the loss of hay, it must appear from the evidence that said hay was contained in some barn or building mentioned in the policy, or in stack anywhere on the premises set out in the policy."

The plaintiff has failed to point out any ruling of the court in the admission or rejection of evidence of which he complains; hence, that assignment of error must be disregarded.

Recurring to the instructions we must repeat, what we have often decided, that a peremptory instruction, such as the second of the above instructions is in the nature of a demurrer to the evidence, and can never be given with propriety, unless, upon the pleadings and evidence, the plaintiff cannot recover, or cannot recover in excess of a certain sum. An instruction of that kind does not address itself to the weight of the evidence. If, therefore, the plaintiff has given any evidence in this case which entitled him to a recovery in excess of $200, the giving of that instruction was prejudicial error.

Judging by the two other instructions given by the court, that instruction seems to have been given either because the court held, as a matter of law, that the plaintiff was precluded by his receipt, or because the court held as matter of law that the hay destroyed was not contained in any place mentioned in the policy. That both these views were erroneous will appear by what follows.

The defendant contends that plaintiff is estopped by his receipt, implying that it is conclusive evidence of an accord and satisfaction. But there is no evidence of any satisfaction in this case, and accord without satisfaction is no defense. *Goff v. Mulholland*, 28 Mo. 397, Conceding all that the defendant claims for its evidence on that subject, it simply shows that there was an accord of the matter, and that, in satisfaction of that accord, it tendered to the plaintiff the $200 agreed upon. But there was evidence on the part of the plaintiff that this tender was not made to him till after he had repudiated the accord. So that, even if we were inclined to follow those cases which hold that tender is equivalent to satisfaction in these cases, yet it being a disputed question whether the tender was made prior or subsequent to the time when the defendant had notice that plaintiff receded from the accord, it would leave a question of fact open which the court

could not withdraw by peremptory instruction from its consideration as a trier of the facts.

The adjustment of the loss in this case made no new contract between the parties, nor is there any evidence of a consideration to support a new contract, as the plaintiff's loss to the extent of $200 on property admittedly covered by the policy is conceded. All the evidence concedes that, notwithstanding the adjustment, the plaintiff's right of recovery was under the policy, and that, notwithstanding the adjustment, he was required to make out and furnish proofs of loss to the company as a condition precedent to the payment of the $200.

It is an elementary proposition, that the place where personal property is insured is of the essence of the contract, and that if property is insured in one place (unless its use makes it transitory), the insurer is not liable if it is destroyed elsewhere. 1 Wood on Ins. 113, 114, 115. Here, however, the evidence is conflicting whether the hay destroyed was in a barn or not. The plaintiff testified that he pointed out the place where the hay was when he affected the insurance, and his witnesses describe that building alternately as a barn and as a shed. It is true he described it in his first preliminary proofs as an open shed, but in his evidence he also mentions it alternately as a barn and as a shed. We are not prepared to say that there was no substantial evidence that the place was a barn, and, hence, the question was one of fact, and the court could not, as a matter of law, declare it was no barn. *Tesson v. Ins. Co.*, 40 Mo. 33; *Southwestern Lead & Zinc Co. v. Ins. Co.*, 27 Mo. App. 446.

The defendant claims in support of the judgment that the plaintiff was not entitled to recover, because his action was prematurely brought, that is, before the expiration of sixty days after furnishing the preliminary proofs. This question does not properly arise under the pleadings. The defendant's answer denies

"that this suit was brought *within* sixty days after proofs of the alleged loss were made and furnished." It contains a denial and not an assertion of the fact which is now set up to defeat plaintiff's recovery. Besides that, the answer contains a tender, and a tender admits that the amount tendered was due at the date of the institution of the suit. Nor can the fact of a premature institution of the suit be used to *limit* plaintiff's right of recovery to a certain sum ; it is ground for a plea in abatement and not in bar. Whether the fact, if properly pleaded and proved, will lead to a dismissal of the present action, is a question on which we are not called upon to express an opinion on the record before us.

The above considerations lead to a reversal of the judgment, and, with the concurrence of the other judges, the judgment is reversed and the cause remanded.