GERHART REALTY COMPANY, Respondent, v. NORTHERN ASSURANCE COMPANY, Appellant.

### St. Louis Court of Appeals, April 29, 1902.

1. **Insurance, Fire**: SUIT ON POLICY: ACCORD AND SATISFACTION: SATISFACTION OF ACCORD NECESSARY. Respondent properly sued on the policy after appellant company repudiated the substituted contract, and the defense of accord and satisfaction would not avail as a good plea in bar to the suit on the policy as there was no proof of any satisfaction or payment of the consideration of the new contract.

2. In the absence of an express stipulation to accept a promise as a discharge of a previous liability, the promise must be performed before a plea of accord and satisfaction to the original cause of action will be good.

3. ———: ———: POLICY IN FULL FORCE. When appellant insurance company refused to execute its side of the new contract, and in fact repudiated it, it left the policy issued by it to respondent, in full force and effect.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas*, Judge.

AFFIRMED.

*Thomas T. & C. H. Fauntleroy* for appellant.

All of these assignments of error will be discussed together, for they are all based upon the same proposition. "Where an insurance company, after a loss, has adjusted the claim therefor, and has agreed to pay a certain sum in liquidation of the claim, it can not, in an action setting forth such facts, object that the action was not brought within the time limited in the policy. In such a case the action is not upon the policy, but upon the agreement to pay. Wagner v. Ins. Co., 22 Atl. Rep. 885, 143 Pa. 338. In the case of the Stockton Combined H. & A. Works v. Ins. Co., 33 Pac. Rep. 634, the court uses the following language: "The judgment can not be sustained upon the findings. The cause of action stated in the complaint is not upon the policy of insurance issued by defendant to plaintiff, nor upon an award in the nature of a judgment fixing the liability of the defendant upon such policy, but is upon an agreement alleged to have been made by defendant with plaintiff after the amount of plaintiff's entire loss had been appraised by arbitrators, and by which agreement it is alleged that defendant promised to pay to plaintiff a certain proportionate share of such appraised loss." Wagner v. Ins. Co., 143 Pa. St. 338, 22 Atl. Rep. 885. "The finding of the court that such alleged agreement was never made, is fatal to the judgment upon this appeal. The distinction between the cause of action stated in this complaint and one upon a policy of. insurance, or an action upon an award fixing the liability of an insurer thereon, is marked and important, not only by reason of the difference in the facts required to be shown in order to maintain the different actions, but also because of the fact that in an action like this the defendant is cut off from defenses which might be interposed to an action upon the policy. Where an insurance company, after the loss, has adjusted the claim therefor, and has agreed to pay a certain sum in liquidation of the claim, it can not, in an action setting forth such facts, object that the action was not brought within the

time limited in the policy. In such a case the action is not upon the policy, but upon the agreement to pay. Neither in such a case can it set up a breach of warranty, or of any of the conditions of the policy in defense, for adjusting the loss and promising to pay it as a waiver of all breaches on the part of the insured, and of all defenses which might have been made, except for such waiver." Stockton Combined H. & A. Works v. Ins. Co., 33 Pac. Rep. 634. In a case where "the loss has been adjusted" and the company has "agreed to pay a certain sum," the action is not upon the policy, but upon the independent agreement." Smith v. Ins. Co., 62 N. Y. 85.

*Kehr & Tittmann* and *M. C. Early* for respondent.

(1) An adjustment is a mere admission that a certain amount is due under the policy, provided the plaintiff is entitled to have anything. Being without consideration it does not create a new contract, nor amount to an accord and satisfaction. To render this defense available, it is necessary to show the substitution of a later agreement in satisfaction of a former one and the execution of the latter agreement. Gerhart Realty Co. v. Northern Assurance Co., 86 Mo. App. 596; Porter v. Ins. Co., 62 Mo. App. 520; Dry Goods Co. v. Goss, 65 Mo. App. 55; McCollum v. Ins. Co., 67 Mo. App. 76; Landrum v. Ins. Co., 68 Mo. App. 339; Wood on Fire Insurance, sec. 482; Saville v. Ins. Co., 8 Mont. 419. (2) The issues here joined are exactly the same as those presented in the former appeal, and the rule of law applicable to this case was then fully and finally determined, and the judgment then pronounced by this court became conclusive upon the parties, and is no longer open to review. Fuchs v. St. Louis, 133 Mo. 168; Overall v. Ellis, 38 Mo. 209; Chouteau v. Gibson, 76 Mo. 38; Chapman v. Railway Co., 146 Mo. 481; McKinney v. Harrall, 36 Mo. App. 338; Elliot on Appellate

Practice, sec. 578, p. 491; Wells' Res Adjudicata and Stare Decisis, secs. 616, 617; Hesse Printing Co. v. Protective Ass'n, 81 Mo. App. 469.

GOODE, J.—A building owned by the respondent company, on which it held a policy of insurance in the appellant company, was damaged by fire and afterwards an agreement was made between the president of the realty company and an adjuster or general agent of the assurance company, by which the former was to repair the property forthwith and the latter to pay its proportion of the cost of repairs, there being insurance in other companies on the building.

The Realty company took a bid from a firm of contractors to make the repairs for seven hundred and eighty dollars, which there was evidence to show was, by the Assurance company's agent, assented to as reasonable and the repairs were accordingly made. Afterwards, the same adjuster who had assented to said arrangement, and in consideration thereof agreed to waive an appraisement of the loss and proofs, refused to pay the appellant company's proportion of the cost of the repairs, giving as reasons that there never had been an appraisement of the loss and that the bill was excessive. The Realty company thereupon brought suit on the policy. The case was in this court on appeal heretofore and will be found reported in 86 Mo. App. (St. L.) 596.

At the second trial exactly the same evidence was introduced as on the first trial, in fact, it was submitted on the evidence contained in the bill of exceptions.

Appellant's counsel very earnestly insists that the decision on the first appeal ought to be revised; but after careful attention to his able argument and brief we remain convinced the decision was sound.

The position taken is that after the agreement was entered into by the president of the Realty company and the adjuster of the Assurance company that repairs should be

made and the Assurance company bear its proportion of the costs, the Realty company's cause of action on the policy for the loss was extinguished and it could thereafter only sue on the new agreement.

The defense, therefore, was an accord and satisfaction, and to support it an accord was proven but no satisfaction. A promise by a party against whom a liability has accrued on a contract to do something in discharge of his liability, may be a good acquittance while it still remains *in fieri,* if the other party expressly stipulates to receive the new promise itself as a substitute or satisfaction for the original liability and if the substituted agreement is based on an adequate consideration. Warren v. Skinner, 20 Conn. 559. In the absence of an express stipulation to accept the promise as a discharge, it must be fully kept, before a good plea in bar to the original cause of action arises; that is, satisfaction as well as an accord must be shown. Goff v. Mulholland, 28 Mo. 397; 1 Smith's Leading Cases (9 Ed. Am. Notes) 620.

Here there was neither performance nor a tender of performance, but a refusal by the appellant to perform. A refusal, too, on the ground that there had been no appraisement, a condition of the contract which had been waived as part of the inducement to respondent to make the new arrangement. Respondent did not agree to relinquish its original claim simply for appellant's promise to pay for the repairs, but for payment; and as long as the new promise remained executory the old cause of action continued intact.

The judgment is affirmed. *Bland, P. J.,* concurs; *Barclay, J.,* not sitting.