ALICE SIMMONS, Administratrix of the Estate of H. J. SIMMONS, Deceased, Appellant, v. GLOBE PRINTING COMPANY, Respondent.

St. Louis Court of Appeals. Opinion Filed February 4, 1919.

1. **COMPROMISE AND SETTLEMENT:** Substitution of Cause of Action: Contracts: Incompleted Contract: Evidence. In an ac-

tion by an administratrix wherein a recovery was sought on the ground of a valid and binding oral contract between plaintiff's intestate and defendant, acting by counsel, in compromise and settlement of intestate's action for libel, evidence *held* insufficient to establish a completed contract whereby defendant's alleged promise to pay plaintiff's intestate a fixed sum of money became substituted for its contingent and unliquidated liability in the action for libel, and into which intestate's orginal cause of action became merged and extinguished.

2. ———: ———: Accord: Satisfaction: Common-law Rule: Consideration. In such case, the common-law rule to the effect that an accord without satisfaction does not constitute a bar to a suit on the original obligation or demand, must be applied with the qualification or concept that there may be satisfaction, or what is tantamount thereto in law, without actual payment or the performance by the debtor, or the party against whom the original cause of action proceeded, of his promise made by way of accord;   provided the evidence clearly shows that this promise itself was accepted, upon sufficient consideration, in full satisfaction of the original demand, becoming thereby substituted for the latter by virtue of that agreement.

3. ———: ———: ———: ———: Valid Contract: Consideration. Where a valid compromise has been effected, by means of an agreement resting upon consideration and which was intended to take the place of the original cause of action, the latter is extinguished, and recourse must be had alone upon the agreement; the accord, under such circumstances, being regarded as executed.

4. ———: ———: Contracts: Incompleted Contract: Evidence. Where the evidence discloses that defendant's counsel declined to pay the money in settlement of intestate's action for libel without receiving for his client a release signed, not only by the intestate, but by his attorneys, and the arrangement made was to the effect that, if such release were executed and delivered, the amount named therein would be paid, *held*, that until this condition had been complied with there was no legal obligation resting upon defendant to make payment;   and where intestate before he had complied with this condition committed suicide, whereby his cause of action for libel became extinguished, thus destroying the entire subject-matter of the proposed compromise or settlement, before the conditional agreement or undertaking of defendant's counsel had ripened into an obligation binding defendant to make payment, hence, defendant not having become legally obligated to pay the sum mentioned, or any sum, prior to the death of intestate, and the subject-matter of the transaction having been destroyed by his death, no liability attached to defendant growing out of such conditional agreement.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. Rhodes E. Cave,* Judge.

AFFIRMED.

*John T. Barker* and *Charles & Rutherford* for appellant.

(1) The courts favor a compromise and settlement of disputed claims. Mateer v. Railway, 105 Mo. 354; Kronenberger v. Bing, 56 Mo. 212; Buffington v. South Mo. Lbr. Co., 25 Mo. App. 492; Haydon v. Railroad, 117 Mo. App. 76; Dalpine v. Lune, 145 Mo. App. 549. (2) It is not necessary, in order to establish an accord and satisfaction, that there should be any formal acceptance of an offer of compromise. It is sufficient if the party to whom the offer is made evidences in any way his intention to accept the offer. Such intention may be shown either by word or letter, or it may be implied from his acts. 8 Cyc, 514; Cunningham v. Patrick, 136 Mo. 621, 632; Howell v. Bush, 54 Miss. 437; Jones v. Parker, 51 Wis. 218; Walters v. Walters, 73 Ind. 425; Sledge v. Oberchain, 58 Miss. 670; Parker v. Kingman, 11 Iowa, 219; Curtis v. Brown, 63 Mo. App. 438-9. An accord may become executed, not only by the present payment of a sum of money, but also by the making of an obligation which the one party agrees to assume and the other party agrees to accept in lieu of the former demand. (3) There is no requirement of law that a contract of settlement should be in writing. 8 Cyc, 513; Marshall & Michel v. Larkin, 82 Mo. App. 635, 640. (4) The evidence clearly established mutuality of agreement between the parties, that is, a meeting and concurrence of mind. (5) The agreement to pay a sum of money in settlement of a claim which was unliquidated was sufficient consideration to support the contract of compromise as established by the evidence. 8 Cyc, 505; Reilly v. Chouquette, 18 Mo. 220; Pollman Coal Co. v. St. Louis, 145 Mo. 651; Wood v. Telephone Co., 223 Mo. 537; See, also, Livingston v. Dugan, 20 Mo. 102;

Rinehart v. Bell, 82 Mo. 534; Faust v. Brown, 30 Mo. 414; Draper v. Owsley, 15 Mo. 637. (6) The agreement of compromise established by the evidence operated as a merger of the claim of plaintiff's intestate for damages on account of the libel. 8 Cyc, 516; Worden v. Houston, 92 Mo. App. 372; Marshall & Michel v. Larkin, 82 Mo. App. 635; Mary v. Allen, 39 Iowa, 235; Hall v. Smith, 15 Iowa, 584; Woodward v. Myles, 24 N. H. 289; Christie v. Craige, 20 Pa. State 430; Morehouse v. Second National Bank of Oswego, 98 N. Y. 509; Wirth v. Lacy, 125 N. Y. Supp. 448; Whipple v. Baker, 85 Ark. 439; Hull v. Swarthout, 29 Mich. 249. (7) Mr. Hocker was the general agent of defendant. Therefore, there is no question as to his authority to make this offer. Cross v. Santa Fe, 14 Mo. 32; See, also, 120 Wis. 336.

*Jones, Hocker, Sullivan & Angert* for repondent.

(1) The arrangement entered into between the deceased, Simmons, and the defendant was, at most, an accord without satisfaction. Black's Law Dictionary (2 Ed.), 16. (2) An accord without satisfaction is not enforcible at law and leaves the original cause of action *in statu quo.* 1 Corpus Juris, 553; Bank v. Leech, 94 Fed. 311; Kinney v. Brotherhood, etc., 106 N. W. 46; Goff v. Mulholland, 28 Mo. 399; Giboney v. Ins. Co., 48 Mo. App. 191; Barton Bros. v. Hunter, 59 Mo. App. 618; Vining v. Ins. Co., 89 Mo. App. 311; Gerhart Realty Co. v. Assurance Co., 94 Mo. App. 359; Slover v. Rock, 96 Mo. App. 335; Carter v. Railroad, 136 Mo. App. 719. (3) The arrangement described in the testimony was not a completed contract. The $5,000 mentioned was not to be paid until a release had been executed and delivered to the defendant by the plaintiff and also a waiver of attorney's liens executed and delivered by plaintiff's attorneys. Neither of these essential acts was ever performed. (4) The plaintiff Simmons, not being bound by the accord, the defendant, the other party is not bound, for lack of mutuality. 13 Corpus Juris, 331; Hudson v. Browning, 264 Mo. 65.

ALLEN, J.—This is an action by the administratrix of the estate of H. J. Simmons, deceased, upon an alleged contract between said Simmons and the defendant corporation, whereby, it is alleged, the defendant promised and agreed to pay Simmons the sum of $5000 in settlement of an action for libel which had been instituted by him against the defendant, and which was then pending. The trial below, before the court without a jury, a jury having been waived, resulted in a judgment for the defendant, from which plaintiff prosecutes the appeal before us. The facts involved, which appear to be undisputed, are as follows:

In March, 1911, the defendant, through the columns of the Globe-Democrat, a daily newspaper published by defendant in the city of St. Louis, published an article with reference to members of the General Assembly of Missouri, of which body H. J. Simmons was then a member from Shelby County. Simmons regarded the publication as libelous to him, and accordingly instituted an action for libel against the defendant in the circuit court of Shelby County. The petition in the libel suit was signed by several counsel. Thereafter the cause went on change of venue to Knox County, and while it was there pending negotiations were had between the parties looking to a settlement of the controversy. It appears that prior to the time of the alleged contract of settlement here sued upon, the defendant, through its counsel, had offered to pay Simmons $5000 in settlement of the matter, but that he demanded $7500.

The evidence shows that on June 8, 1913 defendant's counsel, in the city of St. Louis, received a telegram from Simmons, who then resided at Kirksville, Missouri, "asking for an appointment;" and that in reply defendant's counsel telegraphed Simmons that he could see him "most any time." And pursuant to a subsequent telegram from Simmons, he and defendant's counsel met at the latter's office in the city of St. Louis, on June 10, 1913. Defendant's counsel testified, without objection, as to what occurred on that occasion.

His testimony, as it appears in the record, so far as it need be set forth, is as follows:

"Mr. Simmons said: 'Well, I have about concluded to take five thousand dollars to settle my case, and I would like to get the money to-day.' I told him that it would be impossible to do that; that he had a number of attorneys in the case, and that he would have to have a release or waiver from all the attorneys before I could pay him the money, as I wouldn't have any question after it was over about my fees that lawyers might have in connection with the settlement. He assured me there would be no trouble about that, but I told him I didn't want to take a chance, but I would prefer to have the whole matter closed up at once. He seemed disappointed when I told him that. I said, 'I will prepare a form of instrument which I want you and they to sign. You can take it back with you and get these lawyers to sign it.' . . . I dictated the document to the stenographer in his presence and while she was writing it out he seemed anxious to get away and I had to persuade him to remain until it was written out by the stenographer, but he did remain and took away the document with him. He did not sign it in my office. When I gave him the document I said to him, 'It will not be necessary for you to come back here. I think I can suggest a way of handling it conveniently. After you have gotten everybody to sign it, if you will attach it to a draft for five thousand dollars and send it to me here at some bank, with authority to the bank to deliver to me the release when I pay the draft, in that way you can get the money without any inconvenience or difficulty.' "

The release prepared by defendant's counsel and given to Simmons is in form a full release and acquittance by Simmons, in consideration of $5000 paid to him by defendant, with an agreement on his part to settle with his attorneys; and following the place for his signature appears a paragraph to be signed by his counsel, consenting to the settlement and authorizing the payment of the money to him.

The evidence discloses that Simmons left St. Louis that afternoon on evening, and returned to Kirksville. On the following day he committed suicide. The release which had been prepared by defendant's counsel was found upon his person. He had, in the meantime, signed the instrument, but it had not been signed by any of his counsel.

Subsequently certain correspondence passed between counsel which we need not here set out. We may say, however, that after the death of Simmons, counsel who had represented him in the libel suit expressly waived all claim to any attorneys' lien upon the fund to which it is claimed the administratrix is entitled. And in this connection we may further state, whether material or otherwise, that the evidence shows that the estate of H. J. Simmons was solvent; that it "easily closed out eight or ten thousand dollars." The record shows that the libel suit was dismissed by the circuit court of Knox County, on December 17, 1914, "for want of prosecution."

The present action, instituted May 16, 1914, is upon the oral agreement of settlement alleged to have been made between Simmons and defendant's counsel, in the latter's office; by virtue of which, it is said, plaintiff administratrix is entitled to recover the sum of $5000.

It is the contention of learned counsel for plaintiff, appellant here, that the facts shown in evidence established a valid and binding oral contract, made in the office of defendant's counsel, between plaintiff's intestate, Simmons, and the defendant, the latter acting by counsel, in compromise and settlement of the action for libel, whereby defendant became obligated to pay to Simmons the sum of $5000; that the contract is not one required to be in writing, and is supported by ample consideration, to-wit, the mutual promises and agreements of the parties; and that the claim of Simmons for unliquidated damages in the libel suit became merged in this subsequent agreement.

Respondent, on the other hand, does not contend that a contract such as is sought to be enforced need be in writing, but insists that "the arrangement entered into between the deceased, Simmons, and the defendant, was, at most, an accord without satisfaction," which is "not enforceable at law and leaves the original cause of action in *statu quo.*" And the further contention of respondent is that the evidence does not show a completed contract; that the $5000 was not to be paid by defendant until the release mentioned had been signed by Simmons and his counsel and delivered to defendant, which was not done.

No question is raised as to the authority of defendant's counsel to bind his client by an oral agreement made between counsel and Simmons upon the occasion mentioned. The question for our determination is: Did the transaction or arrangement in the office of defendant's counsel constitute a binding contract between the parties, whereby defendant's alleged promise to pay plaintiff $5000 became substituted for its contingent and unliquidated liability in the action for libel, and into which contract plaintiff's original cause of action became merged and extinguished? Unless a contract of this character was made—one which, by virtue of defendant's promise to pay, fully adjusted the pending controversy, depriving plaintiff of the right to further prosecute his original action and requiring him to look alone to defendant's promise—clearly plaintiff cannot maintain the present action.

The common-law rule invoked by respondent to the effect that an accord without satisfaction does not constitute a bar to a suit on the original obligation or demand, must be applied to the facts of a case of this general character with the qualification or concept that there may be satisfaction, or what is tantamount thereto in law, without actual payment or the performance by the debtor, or the party against whom the original cause of action proceeded, of his promise made by way of accord; provided the evidence clearly shows that this promise itself was accepted, upon sufficient con-

sideration, in full satisfaction of the original demand, becoming thereby substituted for the latter by virtue of that agreement. This doctrine is tersely stated in Merry v. Allen, 39 Iowa, 235, 1. c. 238, as follows:

"At the common law it is well settled than an accord without satisfaction is no bar to a suit on the original obligation. If, however, the accord be founded upon a new consideration, and accepted as satisfaction, it operates as such and will take away the remedy upon the old contract. [See *Hall v. Smith* 15 Iowa, 534, and authorities cited]."

Touching this matter, this court, in an opinion by GOODE, J., in Gerhart Realty Co. v. Northern Assurance Co., 94 Mo. App. 356, 1. c. 360, 68 S. W. 86, said:

"A promise by a party against whom a liability has accrued on a contract to do something in discharge of his liability, may be a good acquittance while it still remains *in fieri*, if the other party expressly stipulates to receive the new promise itself as a substitute or satisfaction for the original liability and if the substituted agreement is based on an adequate consideration. [Warren v. Skinner, 20 Conn. 559.] In the absence of an express stipulation to accept the promise as a discharge, it must be fully kept, before a good plea in bar to the original cause of action arises; that is, satisfaction as well as an accord must be shown. [Goff v. Mulholland, 28 Mo. 397; 1 Smith's Leading Cases (9 Ed. Am. Notes), 620.]"

In Carter v. Railroad, 136 Mo. App. 719, 1. c. 724, 725, 119 S. W. 35, it is said:

"The defendant's contention is that in such cases, notwithstanding the rule presupposes that one party accepts the performance of the other's promise or agreement, and not the promise or agreement itself, it is well settled that, if the accord, and not the performance thereof, is accepted in satisfaction of the demand and the agreement to accept is based upon a sufficient consideration, the demand is extinguished and cannot be the foundation of a new action. We believe such to be the law, and it is illustrated in Goodrich v.

Stanley, 24 Conn. 613; Jennings v. City of Ft. Worth, 26 S. W. 927." The court then quotes from Merry v. Allen, supra, citing other cases.

In the early case of Goff v. Mulholland, 28 Mo. 397, cited in Gerhart Realty Co. v. Northern Assurance Company, supra, it is said (l. c. 399): "A party cannot be turned round from one cause of action to another unless the second is received as a waiver of the first or as a satisfaction of it."

In this connection see also: Curtis v Browne, 63 Mo. App. 431; Marshall & Michel v. Larkin's Sons, 82 Mo. App. 635; Worden v. Houston, 92 Mo. App. 372; Cunningham v. Patrick, 136 Mo. 621, 37 S. W. 817; Erwin v. Jones, 192 Mo. App. 326, 180 S. W. 428; Christie v. Craige, 20 Pa. St. 430; Morehouse v. Second Nat'l. Bank of Oswego, 98 N. Y. 503; Wirth v. Lacy, 125 N. Y. Supp. 448; Whipple v. Baker, 85 Ark. 439, 108 S. W. 830; Hull v. Swarthout, 29 Mich. 249.

Where a valid compromise has been thus effected, by means of an agreement resting upon consideration and which was intended to take the place of the original cause of action, the latted is extinguished, and recourse must be had alone upon this agreement. Under such circumstances the accord is regarded as executed. [See Marshall & Michel v. Larkin's Sons, supra, l. c. 640; Worden v. Houston, supra; 8 Cyc. 516.]

The decisions in Giboney v. Insurance Co., 48 Mo. App. 191, Barton Bros. v. Hunter, 59 Mo. App. l. c. 618, Vining v. Fire Insurance Co., 89 Mo. App. 311, Slover v. Rock, 96 Mo. App. 335, 70 S. W. 268, and First National Bank v. Leech, 94 Fed. 311, when the facts involved in each are considered, do not appear to run counter to the views expressed above.

But in the case before us there is nothing whatsoever to show that the alleged oral promise of defendant, through its counsel, to pay the sum of $5000 in settlement of the libel suit, was accepted by Simmons in full satisfaction of the original unliquidated claim which he held against the defendant. Indeed the evidence appears to negative the idea that this oral promise was then

and there accepted by Simmons in full satisfaction of his claim, or that the parties intended that it should have such effect. While a tentative arrangement was made looking to the settlement of the action for libel, it appears that no valid compromise was effected by which both parties became bound, and which operated to extinguish the original cause of action. It seems quite clear that Simmons had not then become bound to relinquish the prosecution of his action for libel, and that defendant was consequently not presently liable to pay the $5000.

Indeed the argument of respondent that there was no completed contract between the parties appears to be sound. The evidence discloses that defendant's counsel declined to pay the money in settlement of the controversy without receiving for his client a release signed not only by Simmons, but by the latter's attorneys. And the arrangement made was to the effect that if such release were executed and delivered, the amount named therein would be paid. Consequently until this condition had been complied with there was no legal obligation resting upon defendant to make payment. Before Simmons had complied with this condition he comitted suicide; and his cause of action for libel became extinguished by his death. By his unfortunate act of self destruction he destroyed the entire subject-matter of the proposed compromise or settlement, before the conditional agreement or undertaking of defendant's counsel had ripened into an obligation binding defendant to make payment. Not having become legally obligated to pay the sum mentioned, or any sum, prior to the death of Simmons, and the subject matter of the transaction having been destroyed by his death, in our opinion no liability can now attach to defendant growing out of this conditional agreement.

It follows that the judgment must be affirmed, and it is so ordered.

*Reynolds, P. J.,* and *Becker, J.,* concur.