## Love, *Appellant*, v. Van Every.

The Action of the Lower Court, in sustaining, in this case, a demurrer to plaintiff's evidence, approved; it showing that the matter in controversy had been compromised and settled by the provisions of a written contract.

*Appeal from Greene Circuit Court.*—Hon. W. F. Geiger, Judge.

Affirmed.

*Goode & Cravens* for appellant.

(1) The contract cannot be tortured into anything other than a conditional release of the balance of the said ascertained indebtedness of Van·Every to Love, above what had been paid; and the release depended on defendant's furnishing five hundred dollars to certain parties to buy plaintiff's store and tie contract, and recognizing said purchasers in plaintiff's stead in said tie contract. There is no pretense that these conditions were per-

formed, but, on the contrary, the evidence is positive and undenied that performance was refused. And it may be remarked that the entire conditions must be performed to render absolute and valid a release founded on it. Part performance is not sufficient. If the whole condition is not performed the liability remains intact. A release may be subject to a condition subsequent, and in that case the release will be avoided if the condition is not performed. 1 Addison on Contracts, sec. 367 ; Pennsylvania Digest, title "Release" ; *Harrison v. Boone,* 67 Ind. 300. (2) An accord is a satisfaction agreed upon between the party injuring and the party injured, and which, when performed, is a bar to an action upon that account. 3 Bl. Com. 15 ; *Forsch v. Blackwell,* 14 Barb. 607.

*Massey & McAfee* for respondent.

The matter in dispute was compromised and settled ; the contract, at least in part, was complied with by defendant, and if plaintiff would repudiate this settlement, he should do so by putting defendant in the same condition he was in before it was made, or he must sue for a breach of the contract of settlement. *Jarrett v. Morton,* 44 Mo. 275 ; *Mayer v. Shoemaker,* 5 Barb. 319 ; *The Manhattan Co. v. Bently,* 13 Barb. 641 ; *Wheaton v. Baker,* 14 Barb. 595 ; 2 Parsons on Cont. [5 Ed.] 780-2.

BRACE, J.—This action was commenced in a justice's court, upon an account as follows :

"Geo. S. Van Every in account with T. C. Love,—

Dec. 21, 1882. To 140 R. R. ties, 25c. each..$352 00
"      "      "      " 123   "      "   11c. each..   13 53
                                                    _____
                                                    $365 53
By cash ...............................   309 70
                                                    _____
Balance due............................   $55 83"

Plaintiff recovered judgment in the justice's court. Defendant appealed to the circuit court, where, upon the trial, the defendant demurred to plaintiff's evidence. The demurrer was sustained, and the jury, under the instructions of the court, returned a verdict for the defendant, and judgment was accordingly rendered in his favor, from which plaintiff, after an unsuccessful effort for a new trial, appeals to this court.

The only question before us, on the record, is whether the action of the court, in sustaining the demurrer to the evidence, was erroneous. The material facts, as they appear. on the record in the evidence of the plaintiff, are, substantially, as follows: Plaintiff testified: "I had a contract with the defendant to buy ties and sell them to him; defendant had a contract with the railroad company. The lot of ties involved in this suit was bought by me of Samuel Adams, and put in my tie yard near my store; I paid Adams two hundred and twelve dollars; this was his account at my store. Mr. Van Every claimed that he had bought these ties himself of Adams; that he owed Adams, and not me; that they were his ties and not mine, and that he had paid Adams for them. He finally proposed that if I would pay him the money he had paid Adams I might take them; I told him if he would pay me back the two hundred and twelve dollars I had paid Adams, and fifty-five dollars profit, I would let him have them; he refused to do it."

The controversy was afterwards settled by the following written contract entered into between the parties:

"I have this day released to G. S. Van Every, all claims on 1,343 ties, and 118 culls, upon which I have advanced cash and merchandise to the amount of $212.71, which said Van Every has paid me, and I have accepted said settlement of Adams' account, and given up my

claim on said ties, upon the agreement of said Van Every that he is to advance, or loan, five hundred dollars to Mr. Long, of Seymour, or Messrs. Matney & Crabb, of same place, to enable them to purchase my stock of goods and tie contract at Cedar Gap, Wright county, Missouri, and that he will recognize either of these parties with whom I may consummate a trade, in my stead, in the tie contract now in existence between me and said Van Every, which contract gives me the right to buy ties in the territory known as Cedar Gap. Said Van Every not to be held to this agreement of advancing five hundred dollars to said Long, unless said Long gives a lien or mortgage upon his storehouse in Seymour, to secure the payment of said advancement, in connection with a balance of seven hundred dollars that may be due him, said security to be satisfactory to all parties. Price of ties to be twenty-five cents each, and culls eleven cents each.

"This December 30, 1882.

"T. C. Love,
"Geo. S. Van Every."

The plaintiff admitted that the defendant had done everything required of him by the contract, except advancing the five hundred dollars to Matney & Crabb; that he recognized Matney & Crabb in his stead in the tie contract; that plaintiff sold his goods to Matney & Crabb, who paid him two hundred dollars advanced to them by defendant, and gave his notes for the balance. His evidence, admitting that Matney & Crabb had paid these notes, plaintiff's counsel objected to, and, on his motion, it was ruled out; and then his evidence in regard to the contents of the written contract was, on motion of defendant, excluded.

There was no error in sustaing the demurrer to the evidence. The matter in controversy was compromised and settled by the written contract. That contract was partially performed by the defendant in the pay-

ment of the $212.70, the amount plaintiff claimed he had paid Adams on the ties; in the recognition and acceptance of Matney & Crabb in plaintiff's stead in the tie contract, and in advancing them two hundred of the five hundred dollars he had agreed to advance. This partial performance by the defendant, and acceptance of its benefits by the plaintiff, placed it out of the power of the plaintiff to abandon the contract and sue for the original consideration, as he attempted to do in this case. He must resort to his action for damages on the contract, if any he hath sustained, for the part not performed. There is no merit in this action. The plaintiff, by his own showing, has obtained the substance of everything stipulated for in the contract, and it would seem that, conscious that his action on the contract could only result in nominal damages, he sought to avoid such an undesirable consummation by resorting to this form of action,

Judgment of the circuit court affirmed. All concur.