R. J. SLOVER, Respondent, v. JOSHUA ROCK, Appellant.

Kansas City Court of Appeals, November 3, 1902.

1. **Accord and Satisfaction: WHAT IS: AGREEMENT TO SATISFY.** An agreement between parties to take up an old note with a new one for a less amount, will not prevent the collection of the old note at its full value, unless such new note is in fact given and accepted, since to bar an action there must be both accord and satisfaction.

2. **Duress: SEIZURE OF MORTGAGED PROPERTY: AMOUNT DUE.** The threat to seize and sell property under a chattel mortgage, unless the secured note was paid in full, is the mere assertion of a lawful right, and in no sense constitutes duress in any form.

Appeal from Mercer Circuit Court.—*Hon. Paris C. Stepp*, Judge.

REVERSED.

*Platt Hubbell, J. C. Wilson* and *Alley & Read* for appellant.

(1) The unexecuted oral agreement between Slover and Rock is a nullity in law. It constituted no obstacle to Rock's right to enforce his $493 note and mortgage. It was an accord, without any satisfaction. Dry Goods Co. v. Goss, 65 Mo. App. 59; Vining v. Ins. Co., 89 Mo. App. 315; Wilkerson v. Bruce, 37 Mo. App. 159; Barton Bros. v. Hunter, 59 Mo. App. 618; Shaw v. Burton, 5 Mo. 478; Russell v. Lytle, 22 Am. Dec. 537; Bank v. DeGrauw, 35 Am. Dec. 569; Hearn v. Kiehl,

80 Am. Dec. 472; Young v. Jones, 18 Am. Rep. 279; 1 Cyc. L. and P., 314, 315, 316; 1 Am. and Eng. Ency. (2 Ed.), 420, 421, 422; 1 Am. Dig. (Cent. Ed.), 510. (2) Even if Slover had owed Rock $50 less than the $493 note and mortgage, he did not pay it under duress. After taking eight days to consider his course, he paid it rather than invoke the process of the law—paid it as a result of choice, not coercion; paid it with full knowledge of all the facts. Vick v. Shinn, 4 Am. St. Rep. 26, is exactly like this and is decisive. (3) Again, he was not threatened with the loss of his property. Rock only sought to apply the proceeds of the property to a just debt of Slover, and to return the surplus, if any, to Slover. Claflin v. McDonough, 33 Mo. 415; Wolfe v. Marshal, 52 Mo. 170; Niedermeyer v. University, 61 Mo. App. 658; De La Cuesta v. Ins. Co., 9 L. R. A. 635; Hackley v. Headley, 45 Mich. 569; 10 Am. and Eng. Ency. (2 Ed.), 329, note; Buddington v. Mastbrook, 17 Mo. App. 578.

*Orton C. Orton,* for respondent.

BROADDUS, J.—This suit was begun before a justice of the peace, where it was tried, appeal taken to the circuit court of the county, where on trial anew, plaintiff obtained judgment, from which defendant appealed.

The plaintiff went to trial upon the following amended statement, omitting the caption, viz.: "Comes, now the plaintiff, and for cause of action and amended statement, and says, that Joshua Rock is indebted to plaintiff in the sum of $100, money had and received, which is due plaintiff.

"For a second cause of action and account, the plaintiff states that the defendant is indebted to the plaintiff in an account stated, or in amount paid over settlement of a note, in the sum of fifty dollars, amount due of money had and received from plaintiff, which plaintiff was compelled to pay to protect his property."

During the progress of the trial, the plaintiff vol-

Slover v. Rock.

untarily elected to rest his case on said second count.
No objection was made to this short, but remarkable
statement, wherein the pleader came about as near
stating three different causes of action as he did of
stating any particular one.  A statement of the facts,
as shown by the evidence, will, however, disclose the ob-
ject of plaintiff's suit.  On September 27, 1898, the
plaintiff executed his note for $493, payable to the de-
fendant, to secure which he made a chattel mortgage.
As there were prior mortgages on the chattels, at plain-
tiff's request, defendant went with him and paid, and
discharged those mortgages, which in the aggregate
consumed the greater part of money borrowed by plain-
tiff from defendant.  There was, however, $65.93 left
over, which defendant claims he paid to the plaintiff.
The note in question, by its terms, became due on Sep-
tember 27, 1899.  In December following, plaintiff
made a payment of $70, which was entered as a credit
on said note.  In May, 1900, defendant urged plain-
tiff to either pay the note, or renew it and give addi-
tional security.  In the latter part of said month, the
respective parties met for the purpose of renewing the
note and the mortgage, at which time they became in-
volved in a dispute as to the amount of money originally
borrowed; plaintiff claiming that he had borrowed only
$393, $100 less than the amount specified in the note
and mortgage.  The parties, however, agreed that
plaintiff should execute a new note and mortgage in
place of the originals for a sum less by $50, and a place
and time was fixed for carrying out this agreement.
But this agreement was never carried out, as no new
note and mortgage were ever executed.  A short time
thereafter, defendant sent his agent with a constable
to plaintiff, and demanded that he either pay the bal-
ance due on said note, or surrender the live stock men-
tioned in the mortgage.  At this time, defendant's agent
informed plaintiff he could have a reasonable time to do
so, but he must pay the balance of said note, or he
would take the live stock mentioned in the mortgage.

Plaintiff, then and there, fixed upon a time and place to adjust the matter, at which he appeared, paid off the note, and thereby discharged the mortgage. The case was submitted to the jury, after being instructed by the court, which duly returned a verdict in favor of plaintiff for $51.85, the $1.85, representing interest on said $50.

Instruction No. 1, given at the instance of the plaintiff, fairly illustrates the theory upon which the court tried the cause. It is as follows:

"If the jury believe by a preponderance of the evidence that there was a dispute and controversy between the plaintiff and the defendant as to the amount justly due upon the note introduced in evidence, and that the plaintiff and the defendant settled the dispute by agreement, by which the defendant was to deduct fifty dollars from the amount of the face of the note and the plaintiff agreed to pay fifty dollars more than he claimed to be due upon said note, then such agreement is binding upon both parties; and if the jury further find that the defendant by his agent, Bussell, threatened to enforce the payment of said note in full by the seizure and sale of the property of the plaintiff covered by the mortgage that secured said note, and that the plaintiff paid said note in full to save his said property from said seizure and sale, then your verdict must be for plaintiff."

The theory of the court was, that the agreement entered into between the parties as to the amount of plaintiff's indebtedness to defendant was such an adjustment as fixed the rights of the parties, and that notwithstanding plaintiff afterwards paid the whole debt as specified in the note, he was entitled to recover back from defendant the sum, he paid in excess of the amount agreed to be due, provided it was paid under threat of seizure of his property mentioned in the mortgage. The defendant contends that the plaintiff was not entitled to recover under the evidence and asked the court to so instruct the jury, but this the court refused to do. The question raised is, did the mere agreement of defendant to take

in satisfaction of his note and mortgage $50 less than they called for, and that a new note and mortgage be given for the new agreed time, change the rights of the parties in any particular from what they existed prior to said agreement? Had this agreement been carried out by the execution of a new note and mortgage by plaintiff for the lesser sum, and the same accepted by the defendant, both parties would have been bound by the new arrangement, for it would have been an accord and satisfaction of a dispute between them as to their respective rights in the subject-matter. But no new note or mortgage were ever executed by plaintiff and accepted by the defendant. The transaction was only an accord without satisfaction, which did not form a bar to the original note. In order to conclude the defendant there should have been both accord and satisfaction. In other words, the agreement to substitute a new note and mortgage for the former ones should have been carried out by the parties. Vining v. Ins. Co., 89 Mo. App. 324; Giboney v. Ins. Co., 48 Mo. App. 188.

The remaining question raised by defendant is, was the payment of the $50 a voluntary payment, or was it made under duress? But it seems to us that it can serve no good purpose to go into a discussion of that question in this case, as we have seen already that the payment by plaintiff of said sum was what, in law, he was obligated to pay, under his contract, and the threat to seize and sell his property under the mortgage, unless the note was paid in full, was but an assertion on defendant's part to do that which the law said he might lawfully do, and can in no sense constitute duress in any form. From what has been said the plaintiff was not entitled to recover, therefore, the cause is reversed. All concur.