DELLA CROUCH, Appellant, v. WILLIAM B. QUIGLEY.

### Division One, June 2, 1914.

1. **ACCORD: Satisfaction.** An accord is an adjustment of former difference; a satisfaction is a performance of the terms of the accord.

2. **——: ——: Executory: Partial Performance.** Where the terms of an accord and satisfaction are executory a partial performance of the terms is not sufficient to constitute such a complete satisfaction as will extinguish the original debt or claim.

3. **CAUSE OF ACTION: Partial Satisfaction: Tender.** Defendant broke his contract to marry plaintiff and then paid $100 to her in the course of some sort of settlement. Plaintiff sues him for breach of the promise of marriage and does not tender the $100 mentioned. *Held,* that plaintiff's suit is not barred—the defendant could not take advantage of an accord and satisfaction, if any there was, for he did not plead it, and since the evidence tends to show that the $100 was paid in partial performance of a settlement, the original cause of action was not thereby extinguished, so that the $100 need not be tendered back as a condition to the maintenance of the suit.

Appeal from Douglas Circuit Court—*Hon. John T. Moore,* Judge.

REVERSED AND REMANDED.

Crouch v. Quigley.

*E. C. White* and *G. W. Barnett* for appellant..

(1)   The court committed manifest error in giving the peremptory instruction directing a verdict for the defendant.   The contract of marriage and the breach thereof are both admitted, so that there is no question of liability.   In addition to other damages, the plaintiff .testifies that she was put to $250 expense in preparing for her marriage, besides giving up two years' employment at .$300 per year at defendant's request.   This evidence is uncontradicted.   We are entitled to have the cause submitted to the jury on the theory of the plaintiff's testimony.   Mr. White, plaintiff's attorney, testified that the $100 was not paid or accepted in settlement of the damages, that the agreement was defendant should pay $2000 and that this $100 was a payment upon the $2000 agreed upon.   There was accord but no satisfaction in this case, and accord without it is executed or accord without satisfaction is no bar to the original cause of action. Vining v. Insurance Co., 89 Mo. App. 212; Barton Bros. v. Hunter, 59 Mo. App. 618; Goff v. Mulholland, 28 Mo. 297;   Giboney v. Insurance Co., 48 Mo. App. 186; Edmonson v. Carriage Co., 149 Mo. App. 133; 1 Cyc. 307, 308, 312, 313 and 314;   Humphreys v. Bank, 75 Fed. 859; Carter v. Railroad, 136 Mo. App. 324; Clifton v. Litchfield, 106 Mass. 34; Cromer v. Heim, 75 N. Y. 574; Hawley v. Foote, 19 Wend, 516; Simmons v. Clark, 56 Ill. 27; Hall v. Flocton, 16 Q. B. 1039; Boiley. v. Homan, 3 Bing. (N. C.) 920; Clark v. White, 12 Peters 178; Shaw v. Burton, 5 Mo. 478. The thing paid by way of settlement must have been received in full settlement or satisfaction and this is a question for the jury.   Edmonson v. Carriage Co., 149 Mo. App. 133; 1 Ency. Pl. & Pr., p. 77.   The burden of establishing accord and satisfaction rests upon the party who pleads it.   Barrett v. Kern, 141 Mo. App. 23; Supply Co. v. Wolf, 127 Mo. 625; Robin-

son v. Railroad, 84 Mich. 658.   Not only this but
accord and satisfaction to constitute a bar must be
full, perfect, and complete.   The accord must be ex-
ecuted, not executory.   Barton Bros. v. Hunter, 59
Mo. App. 618.   (2)   A return or tender of the $100 be-
fore bringing suit was not necessary, because more
than that amount was due the plaintiff in any event.
The defendant admits liability and damages proven
in the mere outlay of money in preparation for the
wedding was in excess of this sum, and defendant in-
troduced no evidence on amount of damages to re-
duce the amount proved.   It would be a foolish thing
to require plaintiff to return the $100 that she was en-
titled to and then sue for it.   The universal rule is,
that a return of a tender is unnecessary where that
amount was due plaintiff in any event.   8 Cyc. 532;
Humphreys v. Bank, 75 Fed. 852; O'Brian v. Railroad,
89 Iowa, 644; Evans v. Evans, 52 S. W. 12; Burnham
v. Spooner, 10 N. H. 532; Howard v. McMillen, 101
Iowa, 453; McClung v. Lyster, 3 Greene (Iowa), 182;
Pierce v. Wood, 23 N. H. 519; Star Acc. Co. v. Sibley,
57 Ill. App. 315; Kley v. Healey, 28 N. E. 593; Aller-
ton v. Allerton, 50 N. J. 670.

*J. S. Clarke* for respondent.

Where a contract is modified or changed, and
a new one substituted therefor, or in lieu of the old
one, the rights of the parties must be settled by the
terms of the new contract.   Higgans v. Stafford, 67
Mo. App. 469; Henning v. Ins. Co., 47 Mo. 425; Vas-
tine v. Wayman, 5 Mo. App. 598; Merrill v. Trust Co.,
46 Mo. App. 236; Lonitz v. King, 93 Mo. 513; McClurg
v. Whitney, 82 Mo. App. 625; Marshall v. Larkin, 82
Mo. App. 635; Stutter v. Raeder, 149 Mo. 297; Koons
v. Car Co., 203 Mo. 259; Tussing v. Mill Co., 124 Mo.
App. 220; Welch v. Mischke, 154 Mo. App. 728; Her-
both v. Radiator Co., 145 Mo. App. 484; McCormick

v. Obanion, 168 Mo. App. 606. It was appellant's duty before suing on the original contract of marriage to return the $100 received as part consideration for the new compromise contract and on failure to do so, the demurrer to the evidence was properly sustained by the court. Appellant could rescind her new contract but not without returning the $100, so that both parties would be in the position as before the making of the new substituted contract. Small v. Speece, 131 Mo. App. 513; Robertson v. Fuller, 115 Mo. App. 465; Jarrett v. Morton, 44 Mo. 275; Rodgers v. Pub. Co., 118 Mo. App. 12; Hayden v. Railroad, 117 Mo. App. 90; Culberson v. Young, 86 Mo. App. 277; Smith v. Kander, 85 Mo. App. 33.

BROWN, C.—This is a suit for twenty-four thousand dollars, damages for breach of promise of marriage. The petition states the promise made in February, 1906, preparation for the wedding to be held October 23, 1907, to which the friends and relatives were invited, and that the defendant failed to attend. That the day was again set for May, 1908, with the same result, and that thereafter, during the last-mentioned year, the defendant married another woman.

The answer, after a general denial in the usual form proceeds as follows: "Defendant further answering plaintiff's petition, states that on or about the 5th day of May, 1909, the plaintiff herein by her attorney, E. C. White, and this defendant entered into an agreement to settle all the differences existing between plaintiff and defendant on account of the matters and things set forth in plaintiff's petition, in consideration of which defendant paid plaintiff the sum of one hundred dollars, which amount was to be, and was in full settlement of all claims and demands whatsoever growing out of, or in any manner affecting the demands, statements, claims in said petition set forth

and that this defendant says that he does not owe this plaintiff anything on account of any marriage contract or on any other account. Defendant further answering says that since said settlement, and the payment of the said sum of one hundred dollars this plaintiff has filed three suits against this defendant asking judgment for the sum of twenty-four thousand dollars respectively, thereby violating her agreement with defendant to settle their differences, thereby attempting to extort from this defendant money in violation of her said agreement.

"The premises considered defendant asks that the court find that said defendant paid said plaintiff the sum of $100 in full settlement of said demands in plaintiff's petition set forth and that said amount be adjudged to be in full payment of all damages that may have been due plaintiff on account of the violation of said marriage contract and for costs."

The defendant at the trial admitted the contract of marriage as alleged, that he had refused to carry it out and had married another woman. After the plaintiff had introduced evidence bearing upon the question of damages and rested, the defendant in his own behalf testified that after some negotiations with the plaintiff's attorney, Mr. White, he met the latter at Fort Scott to settle, where the following took place: I got off the train and he was on the platform and I talked with him twenty minutes and told him I would give him one hundred dollars, that was all I could do, and he gave me a check and I changed it on the bank here and gave it to him, and told him to hold it a day or two until I got back to Ava." The check was paid. He testified that at this meeting Mr. White presented to him written authority from the plaintiff to settle but did not remember whether or not it authorized a settlement for two thousand dollars.

Mr. White for the plaintiff testified that he met Mr. Quigley at Mansfield to talk over the settlement.

He admitted that he had broken the engagement without reason, and after some talking Mr. White offered to take two thousand five hundred dollars cash, and Mr. Quigley wanted to know if he could make it two thousand dollars. Mr. White told him he would confer with plaintiff, and if she would agree to that amount it would be done. It was mentioned that Mr. Quigley make notes, and he asked if notes signed by his father and Mr. Latimer would be satisfactory, and Mr. White said he would accept that kind of note provided he would pay five hundred dollars in cash. They agreed to meet at Fort Scott the 10th of May to close it out, when Mr. Quigley was to pay the five hundred dollars and deliver three notes of five hundred dollars each, signed by his father and Mr. Latimer as security. The date of the meeting was deferred by Mr. Quigley until June 12, when they met at Fort Scott for that purpose. They met as arranged, and Mr. Quigley began to make excuses about his ability to pay, but finally it was arranged that he would give his check then for one hundred dollars with the understanding that he would pay two hundred dollars more in a few days and in a short time he would send the other two hundred dollars with the notes which his father had already signed, but had not yet been signed by Mr. Latimer. When he received the remaining four hundred dollars and fifteen hundred dollars in notes it was to be accepted as a full settlement.

In this state of the evidence the court instructed the jury to find for defendant and it

Accord and
Satisfaction:
Partial
Performance:
Pleading.

rendered its verdict accordingly, upon which the judgment was entered from which this appeal is taken by the plaintiff. While there is nothing in the record suggesting the theory upon which the court directed a verdict for the defendant, respondent seeks to sustain the action on the theory that under the

evidence the plaintiff's only remedy was to sue upon the settlement or attempted settlement to which Mr. White testified; or that she must at least return the one hundred dollars before suing upon the original cause of action. It is a complete answer to the first of these propositions, that there is no such issue made in the pleadings. Accord and satisfaction is an affirmative defense, and the fact relied on to establish it must be pleaded. [Karter v. Fields, 140 Ala. 352, 362; Gossett v. Railroad, 115 Tenn. 376, 391; Hancock v. Yaden, 121 Ind. 366.] Otherwise it is taken as waived. This is a most reasonable rule, for if a plaintiff chooses to ignore such a settlement of the controversy there is no reason why the defendant should not be permitted to meet him on his own ground. The defendant has chosen to place his defense squarely upon the ground that the one hundred dollars was not only paid but was accepted by the plaintiff in full satisfaction of her claim for damages; and it is now too late for him to recede from that position. Under the pleadings this constituted the only issue other than the *quantum* of damages, and should have been submitted to the jury.

Had the defendant pleaded the facts as Mr. White testified to them he would be in no better situation to sustain this judgment. It would then have devolved upon him not only to plead but to prove that whatever was done between the parties was accepted by the plaintiff in full satisfaction of her demand. The agreement to pay the remaining four hundred dollars and to deliver the secured notes would, no doubt, have been an accord, for an accord is an adjustment of former difference, and presupposes a difference as to what is right, but "a satisfaction in its legal significance in this connection is a performance of the terms of the accord; if such terms require a payment of a sum of money, then that such payment has been made." [Harrison v. Henderson, 67 Kans. 194.] And "where

258 Mo.—42

the terms of the accord and satisfaction are executory a partial performance of the terms is not sufficient to constitute such a complete satisfaction as will extinguish the original debt or claim." (Note to Harrison v. Henderson, supra, 100 Am. St. 386, 452.) Although a new promise may be accepted as satisfaction of the accord there is nothing in the testimony of Mr. White that indicates a transaction of that character. This testimony, if true, indicated with great clearness that the money and notes were to be taken in execution of the accord. [Hosler v. Kursh, 151 Pa. St. 415.]

As an accord partially executed will not operate as a bar to a suit on the original claim it follows that it was unnecessary for the plaintiff to tender back the one hundred dollars received by her before bringing this suit. If, as pleaded in the answer, this money was accepted as an entire satisfaction, it is a complete bar to the plaintiff's suit. If it was only a part performance of a settlement involving the payment of more money and the execution of notes to take the place of the original cause of action it constituted no bar. If, as defendant now claims, what was said and done at Fort Scott was accepted by plaintiff in full satisfaction of her claim, the defendant is at liberty to take the bitter with the sweet by so pleading, but, as in case of the novation of a contract indebtedness, such a contract is never presumed, but must be proven.

We have carefully examined the authorities cited by respondent in support of his position that the one hundred dollars should have been tendered back as a condition to the maintenance of this suit. They all refer to the well-settled doctrine that before one can, either at law or in equity, rescind a completed transaction on the ground of fraud or deceit, he must surrender the advantages he has already accepted under it. The most of these cases relate to the release of claims for personal damages given in

Cause of Action: Partial Satisfaction: Tender.

consideration of the full payment of an agreed sum in settlement. They have no bearing upon the question before us. Here the plaintiff is not attempting to rescind a contract, or to change any apparent contract relation.

The judgment of the Douglas Circuit Court is reversed and the cause remanded. *Blair, C.,* concurs in result.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur; *Bond* and *Graves, JJ.,* in result.