# L. WORTH CHAPMAN, Respondent, v. W. B. ADAMS and J. OWEN ADAMS, Appellants.

### Springfield Court of Appeals, February 28, 1920.

1. **COMPROMISE AND SETTLEMENT:** Accord and Satisfaction: Agreement of Holder of Tax Bill, Subsequently Withdrawn Before Payment, to Accept Less Than was Due, Neither Settlement Nor Satisfaction. Where the holder of a tax bill offered to accept less than was due—that is, the face of the bill exclusive of interest— but withdrew the offer before any payment was made thereon or even proper tender of payment, if the transaction was a compromise, there was no sufficient settlement, if an accord, no sufficient satisfaction, to make the new agreement a merger of the old demand and to bar all action thereon.

2. **ACCORD AND SATISFACTION:** Definitions. An "accord" is an agreement whereby one party undertakes to give or perform and the other to accept in satisfaction of a claim something other or different from what he is or considers himself entitled to; a "satisfaction" being the execution or carrying into effect of such agreement.

Appeal from Butler County Circuit Court.—*Hon. Almon Ing,* Judge.

AFFIRMED.

*Lew R. Thomason* for appellants.

*J. C. Sheppard* for respondent.

STURGIS, P. J.—The controversy in this case is as to whether defendants shall pay all that is due on a certain tax bill owned by plaintiff or only the face value thereof exclusive of interest. The tax bill was issued to a contractor for street improvement and is a lien on defendants' property fronting on the improved street. The only defense made by defendants is

that a valid and binding agreement was made by them
with plaintiff by which he agreed to accept the face
value in full payment, thereby remitting the interest.
The defendants offered to pay and tendered in court
this amount.    The trial resulted in a judgment for
the amount tendered.    The court granted a new trial
and defendants appeal.

The facts testified to show that plaintiff brought
suit against defendants on some other tax bills at a
previous term of court.    A compromise and settlement
or accord and satisfaction was made in reference there-
to by which defendants paid and plaintiff accepted the
face value of the tax bills then in suit in full payment
and satisfaction of same and that suit was dismissed.
The present tax bill had not been sued on and about
a month later plaintiff suggested to defendants that
they settle the present tax bill on the same terms. Still
later plaintiff wrote defendants a letter in which he
said he was willing to settle this tax bill on the same
basis as the others were, "with the interest off," and
added: "If agreeable, please send check. . . . Please
let me hear by return mail."    Defendants say that
shortly after this they went to plaintiff's bank for the
purpose of paying off this tax bill, but plaintiff was
busy and told them to come in again;    that at another
time they went there to pay and plaintiff said that
he did not then have the tax bill at the bank, having
put it up as collateral at another bank.    According to
defendants' evidence they made three or four efforts to
pay off the tax bill on the basis of the offered compro-
mise but they do not claim to have tendered any money
and at none of these times did the plaintiff renew his
offer or express his continued willingness to accept the
face value in full payment.    Plaintiff's evidence is that
after making the offer he heard nothing from defend-
ants and after some time he wrote them a letter with-
drawing the offer of compromise; that defendants did
not make any offer to pay or express any definite ac-
ceptance till after he had withdrawn the offer.    It is

conceded that no *tender* was made till after the suit was brought.

On these facts we think the plaintiff is entitled to recover all that is due. The defendants' theory is that there was a compromise settlement by which another agreement was substituted in satisfaction of the original demand; that where a creditor makes a compromise of his claim with his debtor by which the debtor agrees to do certain things in discharge of the debt, which he fails to do, the creditor cannot recover on the original debt but must recover, if at all, on the compromise agreement. Carried to its legitimate conclusion this defense might cut deeper than defendants' claim; for plaintiff has not sued on the compromise agreement but on the original demand and to recover on the compromise agreement is to sue on one cause of action and to recover on another. This point, however, is not raised by learned counsel for defendants.

The plaintiff's position is, that at most the defense is in the nature of a plea of accord and satisfaction, but that nothing is shown except an accord without satisfaction and that such is no defense. This we think is correct.

The courts and text writers have made distinctions between compromise and settlement and accord and satisfaction. The distinctions are somewhat shadowy and need not be discussed here. [See, however, 12 C. J. 315.] If this be called a compromise there was no sufficient settlement and if it be called an accord there was no sufficient satisfaction to make the new agreement a merger of the old demand and a bar to an action thereon. There is nothing more shown here than an offer by plaintiff to accept a less sum than was due on this tax bill and a withdrawal of that offer before any payment was made thereon. An accord is said to be an agreement whereby one party undertakes to give or perform and the other to accept in satisfaction of a claim something other than or different from what he is or considers himself entitled to. A satisfaction is the

execution or carrying into effect such agreement. [1 C.
J. 523; Dry Goods Co. v. Goss, 65 Mo. App. 55, 58.]
Under this definition it may be said there was an accord
between the parties but there was no satisfaction.
The rule is that in order to bar an action on the original
demand there must be an accord and satisfaction, that
is an execution or carrying out of the accord.' [1 R. C.
L., sec. 35, p. 199.] "The general rule seems to be
that readiness to perform and tender of performance
by the debtor will not bar an action on the claim, as a
party to the accord may accept performance of the
accord or not as he desires. And where he refuses to
accept performance of the accord the agreement is
not, as a general rule, regarded as one which a court
of equity will compel him to fulfill." [1 R. C. L., sec.
37, p. 200.] That such an unperformed or unexecuted
agreement as is here shown does not bar an action on
the original demand has been decided in this State.
[Simmons v. Globe Prin. Co., 201 Mo. App. 133.] In
Vining v. Ins. Co., 89 Mo. App. 311, 324, where an
agreement had been made as to the amount of the loss
but nothing had been paid thereon, the court said: "The
plaintiff had the right to recede from the adjustment
which had been made. She would have had this right
at any time before payment, if the company had intended
to pay, and she had it all the more because they did not
so intend. The adjustment was an accord but not a
satisfaction, which is no defense to an action. [Giboney
v. Ins. Co., 48 Mo. App. 185; Goff v. Mulholland, 28
Mo. 397.]" In Slover v. Rock, 96 Mo. App. 335, 70 S.
W. 268, the syllabus correctly states the holding of the
court, thus: "An agreement between parties to take up
an old note with a new one for a less amount, will not
prevent the collection of the old one for its face value,
unless such new note is in fact given and accepted, since
to bar an action there must be both accord and satis-
faction."

There are cases where the new agreement is based
on a new and independent consideration or imposes such

new and independent terms that it necessarily abrogates the prior demand or merges it in the new promise; or, where the new promise is expressly taken as in full satisfaction or as a substitution for the original liability so that the accord may be said to be executed and therefore is a bar to any action on the original demand. [1 R. C. L., sec. 28, p. 201; Gerhart Realty Co. v. Northern Assur. Co., 94 Mo. App. 356, 360, 68 S. W. 86.] In Carter v. Railroad, 136 Mo. App. 719, 725, 119 S. W. 35, the court, after stating that if the accord be founded on a new consideration and accepted as satisfaction the remedy on the old contract is taken away, added: "But no case that we have examined holds other than that there must be performance of the accord in some manner and the cases, to which the reference has been made, only illustrate the different ways in which performance may be accomplished. It is useless to multiply cases. The agreement in this case was that the plaintiff, in consideration of the payment of $1,100 in a few days by the defendant, would settle her suit then pending, wherein she claimed $10,000 as damages for the death of her husband occasioned by the alleged neglect of the defendant. It does not appear that she accepted the agreement or promise to pay the sum mentioned as a satisfaction of her claim. The terms of the settlement do not bear such a construction. On the contrary, it is clear that the accord was made with the implied understanding, which the law gave to it, that satisfaction was to follow by payment. The pleading of the accord for payment of the sum agreed upon would not have been a bar to the further prosecution of plaintiff's action."

The cases which defendants cite do not announce a different doctrine but they are cases where there was both an accord and satisfaction or a compromise and settlement. Thus in Love v. Van Every, 91 Mo. 575, 579, 4 S. W. 272, the court said: "This partial performance by the defendant, and acceptance of its benefits by the plaintiff, placed it out of the power of the

plaintiff to abandon the contract and sue for the original consideration, as he attempted to do in this case." [Dry Goods Co. v. Goss, 65 Mo. App. 55, supports what we have said to the effect that whether the agreement to take less than is due be called a compromise or an accord, there must be something done to show a settlement or satisfaction—the new agreement must be in some manner executed—in order to bar an action on the original liability. The only satisfaction of the compromise agreement, if it may be called that, which the parties here contemplated was a payment of the face value of the tax bill. The facts do not show even a *tender* of such payment till after this suit was brought.

The court should have directed a verdict for plaintiff. The jury disregarded the instructions given. The court granted a new trial and as that is the only matter before us, its action in doing so is affirmed.

*Farrington* and *Bradley, JJ.,* concur.